## WESLEY v. BROWN.
### No. 11058.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 20, 1951.

Decided April 17, 1952.

Marjorie A. McKenzie, Washington, D. C., with whom Aubrey E. Robinson, Jr., and Belford V. Lawson, Jr., Washington, D. C., were on the brief, for appellant.

William T. Pace, Washington, D. C., with whom Robert W. McCullough and William H. McCullough, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

CLARK, Circuit Judge.

In the District Court appellant filed a complaint for partition of real property, claiming an interest in the property by descent on the ground that her intestate mother was a tenant in common thereof at the time of her death. The property had been held by appellant's mother and father as tenants by the entirety during their marriage, but the mother had obtained a decree of absolute divorce from her husband. The decree did not expressly deal with the realty in question, and appellant's mother died five months and four days after the decree was signed. After the death of Mrs. Brown, the court, on motion of appellee, declared the divorce proceeding abated by reason of the death of one party before the effective date of the absolute divorce.[1]

It is appellant's contention that the property rights of Mr. and Mrs. Brown were dissolved by operation of law [2] at the time the final decree was signed and that thereupon her mother and father became tenants in common of the realty since under the practice in this jurisdiction there is no later "entry" of a final decree.

1. D.C.Code 1940 § 16–421: "No final decree annulling or dissolving a marriage shall be effective to annul or dissolve the marriage until the expiration of the time allowed for taking an appeal, nor until the final disposition of any appeal taken, and every final decree shall expressly so recite. Every decree for absolute divorce shall contain the date thereof and no such final decree shall be absolute and take effect until the expiration of six months after its date. (Apr. 19, 1920, 41 Stat. 567, ch. 153, § 983a; Aug. 7, 1935, 49 Stat. 540, ch. 453, § 4.)"

2. D.C.Code 1940, § 16–409: "Upon the entry of a final decree of annulment or divorce a vinculo, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable. (Mar. 3, 1901, ch. 854, § 974a, as added Aug. 7, 1935, 49 Stat. 540, ch. 453, § 3.)"

In Oliver v. Oliver, 1950, 87 U.S.App. D.C. 334, 185 F.2d 429, 431 this court dealt with the very question of finality of a divorce decree and ruled that Section 16–421 "* * * contemplates a provisional decree of divorce only, which cannot mature and become effective until lapse of the intervening time" and that therefore the parties do not cease to be married until after the period provided.

In that case the question of finality arose in considering the validity of a marriage entered into following a decree of divorce, but that determination of finality is nevertheless dispositive of the instant appeal. Consequently, we hold that the finality requisite to the operation of Section 16–409 had not been achieved at the time of Mrs. Brown's death, the divorce proceedings were properly declared abated, and summary judgment in the action to partition real property is

Affirmed.